IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY D. SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-874-GMS |
| | ) |
| G.R. JOHNSON, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Jeffrey D. Scott. *Pro se* petitioner.

Maria T. Knoll, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**MEMORANDUM OPINION**

Sept 29, 2014
Wilmington, Delaware

Sleet, District Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Jeffrey D. Scott ("Scott"). (D.I. 1) For the reasons discussed, the court will deny the petition.

I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

In July 2006, Scott and his girlfriend, Edna Crown (a pseudonym), had an argument in their apartment concerning Edna's alleged affair with her nephew. Also present were Edna's seventeen year old daughter, Doris, and Kelly Oster and Oster's two children, Ellen and Ester[2] (ages five and three, respectively). During the argument, Scott pushed Edna down the apartment's front steps. After Edna returned to the apartment, Scott stabbed her eleven times with a kitchen knife. Edna died as a result of her injuries. Kelly and Ester Oster were also injured during the incident.

When the police arrived at the crime scene, Scott admitted to the police that he had stabbed Edna. He later made a similar statement while receiving treatment at the hospital for injuries he sustained during the incident. During a subsequent police interview, Scott made additional incriminating statements, and while leaving the courthouse after a hearing, Scott also made further incriminating statements that were overheard by police officers.

Scott was charged with first degree murder, two counts of second degree assault, three counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"), and three counts of endangering the welfare of a child. At trial, his counsel presented a defense of

---

[1] The factual background is summarized from the Delaware Supreme Court's decision in Scott's direct appeal, *Scott v. State*, 919 A.2d 562 (Table), 2007 WL 539650 (Del. Feb. 22, 2007) and its decision in Scott's post-conviction appeal, *Scott v. State*, 7 A.3d 471 (Del. 2010).

[2] These names are also pseudonyms.

2

extreme emotional distress, and introduced expert witness testimony in support thereof. In December 2005, a Superior Court jury convicted Scott of second degree murder (as a lesser included offense of first degree murder), endangering the welfare of a child, and one count of PDWDCF. The jury found him not guilty of the other charges. The Delaware Supreme Court affirmed Scott's convictions on direct appeal. *Scott v. State*, 2007 WL 539650, at *1.

In May 2007, Scott filed a motion for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting eleven reasons why his trial and appellate counsel were ineffective. The Superior Court referred the Rule 61 motion to a Delaware Superior Court Commissioner, who recommended that the Rule 61 motion be denied as meritless and procedurally barred. The Superior Court adopted the Commissioner's Report and Recommendation and denied the Rule 61 motion. *See State v. Scott*, ID No. 0407003957, Vaughn P. J. (Del. Super. Ct. May 29, 2009). Scott appealed that decision, and also raised a new ineffective assistance of counsel claim based on the then-newly decided Delaware Supreme Court decision, *Cooke v. State*, 977 A.2d 803 (Del. 2009). After deciding that the record was inadequate for appellate review, the Delaware Supreme Court remanded the case to the Superior Court for consideration of the *Cooke* claim. On remand, the Superior Court held that Scott's *Cooke*-related claims were without merit and denied his motion. Scott appealed, and the Delaware Supreme Court affirmed the Superior Court's denial of all of his Rule 61 claims. *See Scott*, 7 A.3d at 483.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the

principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits,[1] the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011). As recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.*

---

[1] A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

4

Finally, when reviewing a claim under § 2254(d), a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); *Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

### III. DISCUSSION

Scott's timely filed petition asserts thirteen grounds[3] for relief alleging ineffective assistance of trial and appellate counsel. With respect to trial counsel, Scott asserts that counsel failed to: (1) object to the admission of evidence regarding the injuries of Kelly and Ester Oster; (2) argue that the police included false information in the affidavit of probable cause for a search warrant; (3) argue that his statements to the police were inadmissible because he was not informed of his *Miranda* rights; (4) request *voir dire* regarding a juror's pain medication; (5) move to suppress all of Scott's statements on the basis that his intoxication rendered him unable to understand the *Miranda* warnings; (6) object to the hearsay testimony of the Emergency Medical Technician;[4] (7) object to the hearsay testimony of a police officer; and (8) present Scott's requested defense of "not guilty by reason of insanity." He also asserts that appellate counsel was ineffective for failing to: (9) raise a claim regarding limitations on cross-

---

[3]The court has renumbered the claims but has not altered their substance in any way.
[4]In claim six, Scott actually argues that both trial and appellate counsel were ineffective for failing to challenge on hearsay grounds the statements he made to an emergency medical technician. The court considers both counsel's performance with respect to this argument in the text of the opinion.

5

examination of the State's expert witness; (10) allege prosecutorial misconduct for vouching and misrepresenting evidence in closing arguments; (11) raise claims on appeal as suggested by Scott; (12) appeal the trial court's denial of his motion for acquittal; and (13) argue that the trial court should have granted Scott's motion to dismiss his counsel.

The Delaware Supreme Court denied all thirteen claims as meritless. Therefore, habeas relief will only be available if that decision was either contrary to, or involved an unreasonable application of, clearly established federal law.

The clearly established law governing the instant ineffective assistance of counsel claim is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. Notably, claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standard applicable to trial counsel. *See Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). An attorney's decision about which issues to raise on appeal are strategic,[5] and an attorney is not

---

[5]*See Albrecht v. Horn*, 485 F.3d 103, 138 (3d Cir. 2007); *Buehl v. Vaughn*, 166 F.3d 163, 174 (3d Cir. 1999)(counsel is afforded reasonable selectivity in deciding which claims to raise without the specter of being labeled ineffective).

required to raise every possible non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Smith v. Robbins*, 528 U.S. 259, 272 (2000).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

In this case, the Delaware Supreme Court applied the *Strickland* standard when it denied all of Scott's ineffective assistance of counsel claims on post-conviction appeal. Thus, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry under § 2254(d)(1) is not over, because it must also determine if the Delaware Supreme Court's denial of claim one as meritless involved a reasonable application of *Strickland*. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel claims through a "doubly deferential" lens. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 788 (2011). In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. The court will review Scott's claims *in seriatim*.

### A. Claim One: Failed to Object to Admission of the Oster's Medical Records

Scott contends that trial counsel should have objected to the admission of the medical records documenting the injuries to Kelly Oster and her child because they did not testify during his trial. The Delaware Supreme Court denied this claim on post-conviction appeal for two reasons. First, the Delaware Supreme Court determined that objecting to the admission of these records would have been unsuccessful because the records were properly admitted as hearsay under Delaware Uniform Rules of Evidence ("DRE") 803(4) and 803(6). Therefore, defense counsel's failure to raise a meritless objection did not amount to ineffective assistance. Second, the Delaware Supreme Court concluded that Scott could not establish prejudice under *Strickland*, because he was acquitted of the two assault charges involving Kelly Oster and her child. The state supreme court noted that his second degree murder conviction was premised on totally separate facts, namely, the injuries he inflicted on Edna Crown that resulted in her death.

Viewing this decision through doubly deferential lens, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying claim one. The Delaware Supreme Court held that the medical records were properly admitted under the hearsay exception contained in DRE 803(4) and (6). As such, trial counsel cannot be said to be ineffective for failing to keep out relevant and admissible evidence. Accordingly, the court will deny claim one as meritless.

### B. Claim Two: Failed to Object to Search Warrant Affidavit

Next, Scott contends that trial counsel should have moved to suppress the evidence on the basis that the search warrant affidavit contained false or materially misleading information. Specifically, he argues that the nighttime search warrant affidavit incorrectly stated that Kelly Oster was a resident of the apartment who might return during the night and disturb evidence.

8

Pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), suppression is an appropriate remedy only if the false statement was included in the affidavit knowingly and intentionally or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause. In Scott's case, defense counsel actually did file a motion to suppress the evidence, arguing that a nighttime search was unnecessary due to a lack of exigent circumstances. The trial court denied the motion, and the Delaware Supreme Court affirmed that decision on direct appeal. In Scott's Rule 61 proceeding, trial counsel's affidavit stated that there was no indication that the mistaken reference to Kelly Oster as a resident was made either intentionally or with reckless disregard for the truth. (D.I. 18, State's App. to Ans. Br., Affidavit of Sandra W. Dean, Esquire). And finally, both the Superior Court and the Delaware Supreme concluded that the search warrant affidavit established probable cause regardless of whether Kelly Oster was a resident or a visitor. In other the words, the alleged mistake went to exigency rather than probable cause.

In this proceeding, Scott merely re-asserts the same allegations he asserted in his Rule 61 motion. Based on the foregoing, the court concludes that Scott has failed to satisfy either prong of the *Strickland* test. Thus, the court will deny claim two because the Delaware Supreme Court reasonably applied *Strickland* in holding that Scott was not prejudiced by trial counsel's failure to raise the Kelly Oster/false statement argument.

### C. Claim Three: Failed to Raise *Miranda* Objection to Admission of Scott's Statements to Officer Matthews

In claim three, Scott asserts that trial counsel should have moved to suppress the statements he made to Officer Matthews while he was being handcuffed on the ground that those statements were obtained in violation of his *Miranda* rights. This argument is unavailing.

9

During his Rule 61 proceeding, both the Superior Court and the Delaware Supreme Court concluded that Scott voluntarily and spontaneously uttered the statements – "I did it. I did it. I'll do my time." *See Scott*, 7 A.3d at 477-78. As a result, the state courts concluded that *Miranda* was inapplicable, and defense counsel did not perform ineffectively by not moving to suppress Scott's spontaneous statements.

In this proceeding, Scott has not provided any evidence to rebut the Delaware state courts' factual determination that his statements were voluntary and spontaneous. Therefore, the court will deny claim three because the Delaware Supreme Court reasonably applied *Strickland* in holding that trial counsel did not provide ineffective assistance by failing to raise a meritless suppression argument.

### D. Claim Four: Failure to Request *Voir Dire* of Juror Number Eight

During the trial, juror number eight informed the trial judge that she was not feeling well and was taking pain medication because she had a tooth extracted the day before. In the presence of defense counsel and the State, the judge questioned the juror as to whether she could give the case her full and undivided attention. (D.I. 18, App. to Appellant's Op. Br. at Ex-A-5 pg. 80) She responded that she could. *Id.* The judge asked defense counsel and the State if they were satisfied, and both responded affirmatively. *Id.*

Now, in claim four, Scott contends that trial counsel should have insisted on a *voir dire* examination of juror number eight, arguing that the juror could not have been fair and impartial because most prescription pain relievers contain narcotics. Both the Superior Court and the Delaware Supreme Court denied this claim as meritless, because the juror was sufficiently questioned and the judge, defense counsel, and the State were satisfied with her answers.

Considering that juror number eight was, in fact, examined on *voir dire*, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying the instant claim.

### E. Claim Five: Failed to Argue Inability to Understand *Miranda*

In claim five, Scott contends that trial counsel should have moved to suppress all of his statements to the police on the basis that he was unable to understand *Miranda* warnings because he was intoxicated. This claim is unavailing. Trial counsel actually did file a motion to suppress the statements Scott made to the police, and the trial court determined that all but one of Scott's statements were made spontaneously. The non-spontaneous statement was a taped interview Scott gave to a detective. The trial court suppressed the taped interview because Scott gave the interview after receiving his *Miranda* warnings and invoking his right to counsel. Given defense counsel's success in getting the taped interview suppressed, there was no reason for counsel to raise the intoxication argument, or any additional argument, with respect to that particular statement.

To the extent Scott asserts that counsel should have raised the intoxication argument when attempting to suppress the statements he made to a detective during his arrest, as previously explained with respect to claim three, the Delaware state courts concluded that these statements were voluntary, spontaneous, and not made during a custodial interrogation. In other words, *Miranda* did not apply.

Considering that trial counsel succeeded in getting the taped interview suppressed, and that *Miranda* was inapplicable to the non-suppressed spontaneous statements because those statements were not the product of a custodial interrogation, the court concludes that the Delaware Supreme Court's denial of the instant claim was based on a reasonable application of *Strickland*. As such, the court will deny claim five.

11

### F. Claim Six: Failed to Object to Statements Made to EMT

Next, Scott contends that both his trial and appellate counsel were ineffective for not challenging, on hearsay grounds, the admission of spontaneous incriminating statements Scott made to an emergency medical technician. On post-conviction appeal, the Delaware Supreme Court denied this argument after determining that the statements were not hearsay but, instead, were admissions by Scott under DRE 801(d)(2).

On habeas review, this court must accept the Delaware Supreme Court's interpretation of Delaware's hearsay exceptions and rules. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Wilson v. Vaughn*, 533 F.3d 208, 213 (3d Cir. 2008)(the "admissibility of evidence is a state law issue"). Considering that there was no hearsay objection to be made with respect to Scott's admissions to the EMT, trial and appellate counsel's failure to raise such an objection did not amount to ineffective assistance. Accordingly, the Delaware Supreme Court reasonably applied *Strickland* in denying claim six.

### G. Claim Seven: Failed to Object to Statements Overheard by Police Officer

In claim seven, Scott complains that trial counsel should have raised a hearsay objection to testimony by a police officer regarding incriminating statements Scott made to someone else while leaving the courthouse. This claim is unavailing for the same reason that claim six failed, namely, because the statements did not constitute hearsay under DRE 801(2). Thus, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in holding that trial counsel did not perform ineffectively by failing to raise a meritless objection.

### H. Claim Eight: Failed to Raise Not Guilty By Reason of Insanity Defense

Scott contends that counsel provided ineffective assistance by proceeding with a defense of extreme emotional distress and failing to abide by his request to raise the defense of "not

12

guilty by reason of insanity" pursuant to *Cooke v. State*, 977 A.2d 803 (Del. 2009). This claim is unavailing.

Scott raised this claim for the first time in his 2009 post-conviction appellate brief. The Delaware Supreme Court remanded the claim to the Superior Court. Upon remand, the Superior Court directed trial counsel to respond to the allegation. Trial counsel filed a Rule 61 affidavit stating that Scott never demanded raising a defense of "not guilty by reason of insanity." Trial counsel's affidavit also distinguished Scott's situation from *Cooke*'s, stating, "During trial his demeanor was calm and attentive, which in our view helped the jury to see him, not as a crazed killer, but as someone who, under great stress, killed a person whom he actually loved." (D.I. 18, State's Answering Supp. Memo, Joint Affidavit of Sandra W. Dean and Rober A. Harpster) Scott did not file a response to trial counsel's affidavit. After considering the "uncontroverted evidence actually presented" and determining that Scott never requested trial counsel to raise a "not guilty by reason of insanity" defense, the Superior Court denied State's ineffective assistance/*Cooke* claim as meritless. *Scott*, 7 A.3d at 483.

On post-conviction appeal, the Delaware Supreme Court affirmed the Superior Court's decision for two reasons. First, it determined that "the concerns underlying the infringement and undermining of a defendant's constitutional rights in *Cooke* are not implicated in Scott's case." *Scott*, 7 A.3d at 482. Notably, unlike the situation in Cooke, guilt was not a contested issue, and Scott did not claim that his counsel admitted guilt in violation of his express wishes. *Id.* Second, the Delaware Supreme Court concurred with the Superior Court's finding that Scott failed to establish that he actually demanded that his counsel present the specific defense of not guilty by reason of insanity. Based on these two determinations, the Delaware Supreme Court held that trial counsel did not perform ineffectively. *Id.* at 482-83.

In this proceeding, Scott has not provided any clear and convincing evidence rebutting the Delaware Supreme Court's determination that he never actually requested trial counsel to raise the defense of "not guilty by reason of insanity." Additionally, Scott's argument in this proceeding is exactly the same argument he presented in his post-conviction appeal, and he has provided nothing new to cause this court to question the correctness of the Delaware Supreme Court's factual determination. Given this situation, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in holding that counsel was not ineffective for failing to raise the defense that the was not guilty by reason of insanity.

### I. Claim Nine: Failed to Appeal Restrictions Placed on Cross-Examination

In claim nine, Scott contends that appellate counsel should have raised a claim complaining about a ruling by the trial court that restricted trial counsel's cross-examination of the State's psychiatric expert witness who testified on the partial defense of extreme emotional distress. Scott asserts that trial counsel should have been permitted to cross-examine the expert concerning a statement he made in a Pennsylvania case about how a trusting relationship between a therapist and his patient is required for an accurate psychiatric evaluation.

The record reveals that trial counsel cross-examined the State's psychiatric expert on the underlying issue of whether an accurate evaluation required a patient to trust the psychiatrist. The expert's response was that, in Scott's case, trust was not required. In his Rule 61 affidavit, appellate counsel explains that he "did not argue this issue because he did not believe that there was any chance [that the Delaware Supreme] would reverse based on the circumstances of the ruling." *Scott*, 7 A.3d at 479. Citing *Jones v. Barnes*, 463 U.S. 745 (1983), the Delaware Supreme Court held that appellate counsel's strategic choice was reasonable.

After reviewing the record, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in denying the instant claim. An attorney's decision about which issues to raise on appeal are strategic, and an attorney is not required to raise every possible non-frivolous issue on appeal. *See Jones*, 463 U.S. at 751-52; *Smith v. Robbins*, 528 U.S. at 272. Considering that trial counsel in this case actually did cross-examine the expert witness about the trust issue, appellate counsel reasonably decided to refrain from pursuing a dubious argument on appeal. Accordingly, the court will deny claim nine as meritless.

### J. Claim Ten: Failed to Appeal Prosecutorial Misconduct

In claim ten, Scott contends that appellate counsel was ineffective for failing to argue on direct appeal that the State engaged in prosecutorial misconduct during its closing argument. According to Scott, the prosecutor improperly bolstered the credibility of the State's witnesses by using facts that were not based on the evidence that was presented at trial. In his Rule 61 pleadings, Scott failed to point to any specific comments by the prosecutor that were objectionable or could have provided the basis for an objection. As a result, appellate counsel stated in his Rule 61 affidavit that he could not respond to Scott's allegations due to the lack of specificity. The Superior Court denied Scott's claim because he failed to make concrete allegations of actual prejudice. (D.I. 18, State's App. to Ans. Br., *State v. Scott*, Comm'rs. Rep. & Rec. at B27-28) The Delaware Supreme Court affirmed that decision on post-conviction appeal because Scott's allegations were too general and failed to provide a basis for a merits review. The Delaware Supreme Court also reviewed the trial transcript of the closing argument and found nothing objectionable about the prosecutor's argument. *See Scott*, 7 A.3d at 479-80.

In this proceeding, Scott merely re-asserts the same general and vague argument that appellate counsel should have complained about unidentified prosecutorial misconduct that

15

occurred during the State's closing argument. Given the lack of specificity, Scott cannot demonstrate the requisite *Strickland* prejudice. As such, the court cannot conclude that the Delaware Supreme Court unreasonably applied *Strickland* in denying this claim.

### K. Claim Eleven: Failed to Raise All Appellate Issues

Next, Scott complains that appellate counsel did not allow him to participate fully in the appellate process and did not raise all the issues he wanted appellate counsel to raise. On post-conviction appeal, the Delaware Supreme Court denied this claim because Scott failed to identify the issues he had requested to be raised and, therefore, failed to satisfy either prong of the *Strickland* standard.

In this proceeding, Scott also fails to identify the issues he asked appellate counsel to raise on appeal. As such, he cannot demonstrate that appellate counsel's choice of arguments was objectively unreasonable or that the failure to raise the unidentified claims prejudiced him. Accordingly, the court concludes that the Delaware Supreme Court's decision does not warrant habeas relief.

### L. Claim Twelve: Failed to Appeal Denial of Motion for Acquittal

In claim twelve, Scott contends that appellate counsel should have appealed the trial court's denial of his motion for a judgment of acquittal for his second degree murder conviction (lesser included offense of first degree murder). In essence, Scott argues that appellate counsel should have argued that the evidence relating to Kelly and Ester Oster's injuries precluded the jury from properly considering this defense of extreme emotional distress. The Delaware Supreme Court rejected this argument after noting that the jury acquitted Scott of first degree murder and two assault charges. The Delaware Supreme Court explained that Scott could not demonstrate how he was actually prejudiced by the admission of the Osters' injuries when the

16

two assault charges for which he was acquitted involved the Osters. The Delaware Supreme Court also determined that, given such overwhelming evidence of Scott's actions with respect to Edna Crown, he could not demonstrate how he was prejudiced by evidence relating to the Osters. As such, appellate counsel was not ineffective.

Viewing the Delaware Supreme Court's decision through doubly deferential lens, the court cannot conclude that it unreasonably applied *Strickland*. As such, the court will deny claim twelve.

### M. Claim Thirteen: Failed to Appeal Refusal to Discharge Trial Counsel

Scott's final claim is that appellate counsel was ineffective for failing to argue on appeal that his trial counsel should have been discharged because he refused to raise arguments Scott wished him to present. Notably, in June 2005, Scott filed a motion to discharge his defense counsel for three reasons: (1) trial counsel had only shared half the discovery; (2) trial counsel would not divulge the preparation made for trial; and (3) trial counsel would only talk to him about the penalty phase. *See Scott*, 7 A.3d at 481 n. 40. The trial court denied the motion to discharge counsel in July 2005, and Scott did not file any subsequent motions complaining about trial counsel's performance. On post-conviction appeal, the Delaware Supreme Court denied the instant ineffective assistance claim after noting that "defense counsel is afforded wide latitude to make decisions concerning legal arguments and strategy." *Scott*, 7 A.3d at 481.

In this proceeding, Scott does not demonstrate how he was prejudiced by the trial court's denial of his motion to discharge counsel. Notably, the court has rejected as meritless all of Scott's arguments concerning trial counsel's alleged ineffectiveness. Based on the record, the court concludes that the Delaware Supreme Court's decision was manifestly reasonable under *Strickland* and its progeny. Accordingly, the court will deny thirteen as meritless.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court has concluded that Scott's petition fails to warrant federal habeas relief. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Scott's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.